**UTAH STATE BOARD FOR VOCATION-AL EDUCATION and State of Utah, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 6392.

United States Court of Appeals Tenth Circuit.

March 15, 1961.

Walter L. Budge, Atty. Gen., and Richard R. Boyle, Asst. Atty. Gen., for appellants.

Bernard W. Friedman, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., and John G. Laughlin, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

In this action, the Government sought to recover from the Utah State Board for Vocational Education and the State of Utah, the sum of $17,500, which had been paid to them from federal funds under the provisions of a series of acts passed by Congress between 1940 and 1945.[1] These acts were passed under the Federal Emergency Defense Program. They provided for the appropriation of federal funds for vocational training of defense workers. The program contemplated cooperation between federal, state and local authorities. The administration of the program and the federal funds appropriated therefor was lodged with the United States Commissioner of Education, under the supervision of the Federal Security Administrator. The Commissioner delegated his powers and duties to an officer having the title of Director, Vocational Training for War Production Workers Program. Under this program, the Federal Office of Education was authorized to fully reimburse qualified state agencies for ex-

---

1. The relevant acts are: 55 Stat. 476, (1941); 56 Stat. 578, (1942); 57 Stat. 503, (1943); 58 Stat. 554, (1944).

penditures in vocational training programs meeting federal specifications. Among the expenses for which the states could receive reimbursements were expenses for supervision and teaching, equipment purchases, and rent for additional space.

The State of Utah submitted plans for the training of war production workers as a basis for qualifying for federal funds. These plans were approved by the United States Office of Education. The Utah State Board for Vocational Education, a state agency, was entrusted with the responsibility for the disbursement of federal funds in the execution of the Utah State plan. Federal funds were made available to the Utah State Board for Vocational Education for the following categories: (A) Rental Space; (B) Purchase of Equipment; (C) Cost of Instruction; (D) Liquidation Expenses.

Central Utah Vocational School, located at Provo, Utah, a public vocational school operated under the supervision of the Provo School District, was selected by the Utah State Board for Vocational Education as one of the schools to receive federal funds.

In June and July of 1942, the Utah County Fair Association, as lessor, entered into a 12-month rental agreement with the Provo City Board of Education, as lessee, in which the lessor leased to the lessee two county buildings at a rental of $250 per month for each building, or a total monthly rental of $500 for the two buildings. The lease provided that the lessor would return, of the funds received such sums as were needed to repair the building and install necessary equipment, and further agreed to return to the lessee the balance of the sum paid as rental after lessee had received the sum necessary to make repairs. Similar leases were executed for the years 1943 and 1944. During the life of these leases, $17,500 of federal funds was paid to the lessor as rent for the two buildings. This entire sum was repaid by the county lessor to the lessee, so the over-all effect of the operation of the parties, under the ostensible lease agreement, was that the lessee paid nothing and the county lessor received nothing as rent for the use of these two buildings.

When this money was repaid to the lessee monthly as received by the lessor, it was placed in a "Vocational Fund Account." From this account, expenditures were made by the School Board for such improvements as the construction of a concrete floor in one of the rented buildings, the repair and alteration of barracks buildings, and the conducting of classes in sewing, typing and business administration. None of these expenditures was for purposes authorized by the Federal Defense Training Program Act.

Appellant's position is that these monthly payments to the county for these two buildings were for rent and that when the money was received by the county, it belonged to it and that it was free to do with it as it pleased. It is argued that the maintenance of a strong vocational school in the county was of considerable interest to the county, and that it could donate the money it had received from appellant, as rent, for the maintenance of such a school. No doubt this could have been done but we think the trial court was justified under all the circumstances in finding that it was not, either in fact or law, actually done. There is no doubt that the ultimate use of the federal funds was for unauthorized purposes, sheltered only by a shell of a lease which provided for the payment of rent in one paragraph and its return in another. The substance of federal law cannot be so frustrated.

Affirmed.